Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Francine Irene McGwire,<br><br>　　　　Plaintiff,<br>　v.<br><br>3D Nails & Spa, LLC,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

　　　Plaintiff Francine Irene McGwire ("Plaintiff") alleges the following:

## INTRODUCTION

　　　Plaintiff brings this action against Defendant 3D Nails & Spa, LLC ("Defendant") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff equal access to the 3D Nails & Spa business located at 1383 E Foothill Boulevard in Upland, California ("3D Nails & Spa").

## PARTIES

　　　1.　Plaintiff is a natural person. Plaintiff is and has been considered disabled.

　　　2.　Defendant is a California limited liability company with its principal address in Upland, California. At all times relevant to this complaint, Defendant owned, managed, operated, and/or was otherwise responsible for 3D Nails & Spa.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the 3D Nails & Spa is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is disabled.

7. Plaintiff suffers from post-traumatic stress disorder, arthritis, bulging disks in her back, depression, anxiety, and another severe mental condition.

8. Plaintiff utilizes a service dog to help address the unique challenges Plaintiff faces in her day-to-day life because of her disabilities.

9. Plaintiff's service dog is specifically trained to assist Plaintiff with her mobility; detect signs of her PTSD; prevent strangers from approaching Plaintiff in public (aka blocking); calm Plaintiff through distraction techniques; perform safety checks of rooms; and alert Plaintiff to the presence of triggers.

10. These tasks greatly help Plaintiff improve Plaintiff's day-to-day life. For instance, Plaintiff can feel uncomfortable or unsafe in crowded public places. One of the reasons why is that Plaintiff's service animal can create a physical barrier between Plaintiff and strangers, providing a sense of security. Moreover, Plaintiff's service dog has been specifically trained to detect specific triggers that can cause anxiety or panic attacks. When the dog detects these triggers, the dog can alert Plaintiff and help them manage her symptoms.

//

11. On February 17, 2023, Plaintiff visited the 3D Nails & Spa with her service animal. Plaintiff was there to get a full set and pedicure treatment. Plaintiff was very excited to go to 3D Nails because the work they do is considered a luxury and a treat.

12. Immediately upon entering the store, Defendant's employees began discriminating against Plaintiff. The resulting scene was very troubling and disturbing to Plaintiff, especially because of how swift and unrelenting Defendant's employees were acting to discriminate against Plaintiff and her service dog.

13. Defendant's employees told Plaintiff that she could not enter the nail salon with her dog. Plaintiff tried to reason with the employees and told them specifically that her dog was a working service animal. However, the nail salon employees did not care what Plaintiff had to say, and instead continued to push their pro-discrimination agenda on Plaintiff and her working service dog.

14. Plaintiff was embarrassed, confused, and disappointed throughout her time at 3D Nails & Spa. The experience left Plaintiff feeling rejected. Plaintiff especially did not appreciate the fact that everyone in the nail salon was watching Plaintiff get humiliated by Defendant's employees even though Plaintiff did absolutely nothing wrong whatsoever.

15. What's worse, nobody attempted to help Plaintiff or accommodate her disability. Defendant's employees were cold and calculating in their swift discriminatory behavior. Unable to reason with the employees, Plaintiff had no choice but to leave the nail salon.

16. Discrimination against individuals with service dogs is unacceptable and goes against the both the spirit and intent of the Americans with Disabilities Act. Service dogs are specially trained to assist people with disabilities, and their presence is necessary for the individuals' safety and well-being. Denying access to a public place or service to someone with a service dog is a violation of their rights and can cause significant harm. Unfortunately, Defendant's employees disregarded their responsibilities under the ADA, and don't feel that it is important to treat all customers

with respect and dignity.

17. For individuals with PTSD, being in public places can be overwhelming and triggering, and having a trained service animal with them can help mitigate those symptoms and make the experience more manageable.

18. Allowing a patron with PTSD to bring their service animal with them to a nail salon is crucial for their well-being and ensures that they can access the services they need without unnecessary stress or anxiety.

19. For example, let's say a patron with PTSD is getting her nails done at the salon and suddenly starts to feel anxious due to the noise and activity around her. Her service animal could be trained to detect the signs of her distress and use distraction techniques to calm her down, such as nudging her or licking her hand. Additionally, the animal could be trained to perform safety checks of the room, ensuring that there are no potential threats or triggers present. If the animal detects any triggers, it could alert the patron, allowing her to take action to prevent any further escalation of symptoms.

20. Plaintiff would like to return to 3D Nails & Spa with her service animal in the future once Defendant ceases its illegal and discriminatory conduct. Plaintiff likes to get her nails done every month and she is willing to drive the 25 minutes it takes to get to 3D Nails & Spa because they do really fancy artwork that is difficult to replicate at other nail salons.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

21. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

22. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

23. The 3D Nails & Spa is a public accommodation.

24. The ADA prohibits, among other types of discrimination, failure to make

reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

25. Defendant has a policy that restricts and denies access to persons like Plaintiff.

26. Defendant's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

27. As a result of Defendant's conduct, denying Plaintiff equal access to the 3D Nails & Spa, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the 3D Nails & Spa.

28. It is readily achievable for Defendant to provide Plaintiff and other disabled people like Plaintiff full and equal access to the 3D Nails & Spa.

29. Defendant does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

30. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, visit, or attempt to patronize the 3D Nails & Spa, in light of Defendant's conduct.

31. Defendant's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

32. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further,

Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

33. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

34. Defendant intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the 3D Nails & Spa.

35. 3D Nails & Spa is a business establishment.

36. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

37. Defendant's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

38. Plaintiff was harmed.

39. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

40. Defendant's conduct violated the ADA.

41. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

42. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

//

//

# PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Defendant from engaging in unlawful discrimination against disabled persons with service animals when visiting the 3D Nails & Spa, including, specifically, enjoining its policy of denying access to persons with service animals access to the 3D Nails & Spa without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Defendant to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: April 25, 2023　　　　　　　　　　　　Law Office of Rick Morin, PC

*[signature]*

_____

Richard Morin
Attorney for Plaintiff